Filed 1/30/26 (unmodified opn. attached)

## CERTIFIED FOR PUBLICATION

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| MICROSOFT CORPORATION, | B347381 |
| Petitioner, | Los Angeles County |
| v. | Super. Ct. No. 25CJGO00165 |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | **ORDER MODIFYING OPINION** |
| Respondent; | [No change in judgment] |
| CITY OF LOS ANGELES. | |
| Real Party in Interest. | |

THE COURT:*

It is ordered that the opinion filed January 14, 2026, is modified as set forth below.

On page 15, the following sentence shall be added as the last sentence of the disposition: "The parties shall bear their own costs on appeal."

There is no change in the judgment.

_____

∗ COLLINS, Acting P.J.        TAMZARIAN, J.        EGERTON, J.*

---

**\***      Justice of the Court of Appeal, Second Appellate District, Division Three, assigned to Division Four, by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 1/14/26 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>      Respondent;<br><br>CITY OF LOS ANGELES,<br><br>    Real Party in Interest. | B347381<br><br>(Los Angeles County Super. Ct. No. 25CJGO00165) |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Craig Richman, Judge.  Petition denied.

Davis Wright Tremaine, James R. Sigel, Alexander F. Porter, Ambika Kumar, MaryAnn T. Almeida, and Shontee M. Pant for Petitioner.

Orrick, Herrington & Sutcliffe, Andrew Silverman for Reporters Committee for Freedom of the Press and the First Amendment Coalition, as Amicus Curiae on behalf of Petitioner.

Perkins Coie, Hayley Berlin, John Randall Tyler, Sarah Grant, and Joshua Patashnik for Google LLC and Amazon.com, Inc., as Amicus Curiae on behalf of Petitioner.

Hydee Feldstein Soto, City Attorney, Denise Mills, Chief Deputy City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Shaun Dabby Jacobs, Supervising Assistant City Attorney, Hasmik Badalian Collins and Soraya Kelly, Deputy City Attorneys for Real Party in Interest.

---

This case involves a fact pattern that has not been addressed in any California published opinion: When the government serves a search warrant on an electronic service provider seeking information about the target of a criminal investigation, under what circumstances may the trial court issue a nondisclosure order (NDO) prohibiting the provider from disclosing the existence or contents of the warrant to third parties, including its customers?

The Los Angeles Police Department (LAPD) served petitioner Microsoft Corporation (Microsoft) with a search warrant for electronic data associated with an email account assigned to a University of Southern California (USC) graduate student who was under investigation for committing rape. The warrant was served along with an NDO prohibiting Microsoft from notifying certain individuals about the search warrant for 90 days, including the target of the investigation, Sizhe Weng, and anyone at USC. Microsoft concedes the NDO's validity with respect to its prohibition against notifying Weng of the warrant's existence. The issues in this case are limited, therefore, to whether the NDO's prohibition against notifying a contact at

3

USC of the existence of the warrant violates the California Electronic Communications Privacy Act (CalECPA; Pen. Code § 1546 et seq.)[1] and/or infringes on Microsoft's First Amendment free speech rights.  We conclude the trial court made the required findings under CalECPA and that the NDO withstands strict scrutiny.

## BACKGROUND[2]

On May 1, 2025, the LAPD applied for a search warrant commanding Microsoft to produce electronic data associated with a "target account" assigned to USC graduate student Sizhe Weng. The unsealed portion of the warrant indicated that the LAPD and the FBI sought information relevant to an ongoing rape investigation.  This target account was part of Microsoft's contract with its enterprise customer, USC.

Along with the warrant application, LAPD Detective Stearns submitted a sealed affidavit, which is not in the record on appeal.  Based on the affidavit, the trial court determined probable cause existed and signed the search warrant.  The trial

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     The real party in interest is the City of Los Angeles (the City).  We grant the City's request for judicial notice of five documents filed in the underlying criminal matter, namely the order to extend the NDO, the order lifting the NDO, the felony complaint, the motion to detain, and the criminal case docket. (See Evid. Code, § 452, subd. (d)(1).)  We also grant Microsoft's request for judicial notice of documents filed in connection with Microsoft's Petition for Review to the California Supreme Court.

court also issued an NDO prohibiting Microsoft from disclosing, in any manner, the existence of the warrant or the investigation to "the target(s), subscribers(s) of the accounts and/or email addresses . . . the account holder(s) . . . and/or those whose information and/or electronic communications data is provided to law enforcement," for a period of 90 days. The initial 90-day NDO was set to expire on July 31, 2025.

On May 28, 2025, Microsoft filed a motion under seal to modify the NDO "to permit Microsoft to inform a trusted point of contact at USC" about the warrant. Microsoft challenged the NDO on the grounds that it violates both CalECPA and its free speech rights. Microsoft clarified that it was not proposing to notify the targeted accountholder, but rather someone at USC who can be trusted with the information. Microsoft claimed that "[n]othing suggests USC would do anything to jeopardize the Government's investigation into a particular student."

The City opposed the motion, arguing the trial court complied with CalECPA by issuing the NDO based on its finding that disclosure could jeopardize an open criminal investigation. The City further argued the NDO passes constitutional muster because it is narrowly tailored, time-limited, and serves a compelling interest in preserving investigative confidentiality.

On June 18, 2025, the trial court held a hearing on the motion. After an in-camera discussion, the court went on the record. At the outset, the trial court indicated it issued the NDO after it reviewed the sealed affidavit provided by Detective Stearns, and determined "several of the enumerated criteria" in CalECPA that support the issuance of an NDO were "present in this situation." In response to Microsoft's counsel's inquiry regarding additional details of the alleged crimes, the trial court

5

stated the investigation involved "multiple violent crimes" and reiterated several of the factors enumerated in CalECPA that support the issuance of an NDO were found by the court.

During the hearing, Microsoft initially took the position that the NDO should be modified to permit it to share a copy of the warrant with a contact at USC, which would have disclosed Weng's name. Microsoft's counsel later modified her position and stated Microsoft would agree to only notify USC of the existence of the warrant without revealing the identity of the target or the nature of the crime being investigated. Counsel for the City responded that she needed to speak with Detective Stearns before agreeing to Microsoft's proposal "because it is his investigation." The court indicated if the parties agreed to this "compromise" that "satisfies everybody here," it would approve the modified NDO. The court then ordered the parties to prepare a modified NDO for the court's signature if Detective Stearns agreed to Microsoft's proposed modification.

After Detective Stearns objected to Microsoft's proposed modification of the NDO, the court held a second hearing on the motion. At the hearing, the court stated it would "revert back to the [sealed affidavit] that was filed originally" which, according to the court, "sufficiently supported the [NDO] that [it] made ordering Microsoft not to disclose the fact of the search warrant for the full 90 days that is authorized under CalECPA." During the hearing, the City expressed an additional concern with permitting Microsoft to notify a contact at USC about the existence of the warrant: USC was not bound by the NDO and, therefore, "there would be nothing to prevent them from sending out information to anyone." The court agreed: "Right. At this point in time, I do not have jurisdiction over [USC]; I only have

jurisdiction over Microsoft." The court declined to modify the NDO and concluded the original NDO that was issued along with the search warrant would remain in effect.

Microsoft then filed a petition in this court for a writ of mandate directing the trial court to vacate its ruling denying Microsoft's motion to modify the NDO, and enter a new order granting the motion, permitting Microsoft to notify a trusted contact at USC of the fact of a warrant served by the LAPD for a single account, without identifying the account. We summarily denied the petition.

On July 28, 2025, Microsoft filed a petition for review in the California Supreme Court. On the same day, the trial court reviewed and granted the LAPD's application to extend the NDO for another 90 days, to October 26, 2025. (See § 1546.2, subd. (b)(2) [the court may grant extensions of the NDO of up to 90 days each].) In the extension order, the trial court again found that notifying any person of the warrant's existence could lead to adverse results as defined in section 1546.2.

The LAPD arrested Weng on August 28, 2025. A few days later, the trial court lifted the NDO because there was "no longer reason to believe that the notification of the existence of the warrant to any person" would lead to an adverse result. The District Attorney then filed a felony complaint against Weng, which included charges of forcible rape, sodomy by anesthesia or controlled substance, sexual penetration by anesthesia or controlled substance, and rape by use of drugs. The felony complaint also included several special allegations because the crime victims were "particularly vulnerable" and Weng committed the offenses with "planning, sophistication, and professionalism." The District Attorney also filed a motion to

7

detain Weng pending trial without bail, arguing: (1) Weng is charged with several sex offenses against three separate victims; (2) Weng is a Chinese national and China is a nonextradition country; and (3) Weng is a highly educated individual and there is a high likelihood he would flee to China leaving the People with no recourse for prosecution. The trial court ordered Weng be held without bail pending trial.

On October 1, 2025, the California Supreme Court granted review and transferred the matter back to this court with directions to vacate our order denying the petition and to issue an order to show cause why the petition should not be granted. We issued the order to show cause, and have received the return to the petition filed by the City, and Microsoft's reply.

## DISCUSSION

### A.    This Petition is Not Barred by the Mootness Doctrine

Microsoft's petition became moot when the NDO was lifted by the trial court. We retain discretion to decide a moot issue, however, when "the case presents an issue of " 'substantial and continuing public interest" ' and is capable of repetition yet evades review." (*Amgen Inc. v. California Correctional Health Care Services* (2020) 47 Cal.App.5th 716, 728.) This is such a case. The legal issues Microsoft raises—whether an NDO that prevents an electronic services provider from notifying its customer of the existence of the warrant violates CalECPA and/or violates the provider's First Amendment rights—are reasonably likely to recur. Microsoft claims that it alone received over three hundred CalECPA warrants in each of the last three years, with the number increasing each year. Yet challenges to NDOs will likely evade review given their limited duration of 90 days. (See

8

e.g. *In re Sealed Case* (D.C. Cir. 2023) 77 F.4th 815 [in analyzing whether an issue was moot, the court had "no trouble holding" that a challenge to a nondisclosure order that was to remain in effect for 180 days evades review].) We therefore exercise our discretion to resolve these issues on the merits.

We reject the City's contention that we must engage in a fact-specific analysis to determine the issues presented and thus, not only should we dismiss the case as moot, but we should also apply the abuse of discretion standard of review. Microsoft frames the issues as legal in nature (i.e., whether the trial court made the required findings under CalECPA before issuing the NDO, and whether the NDO withstands strict scrutiny), which we review de novo. (See *People v. Reynoza* (2024) 15 Cal.5th 982, 989—990 [we review de novo the interpretation of a statute, including the trial court's application of the law to the facts]; *Saline v. Super Ct.* (2002) 100 Cal.App.4th 909, 913 [whether a prior restraint is permissible is a question of law, which we review de novo].) Microsoft has not seen the contents of the sealed affidavit submitted by the City, and the affidavit is not in the record on appeal. Thus, Microsoft does not, and cannot, argue that the court abused its discretion by denying its motion to modify the NDO because the court's findings are not supported by substantial evidence.

## B. The Trial Court Issued the NDO in Compliance With CalECPA

In 2015, the Legislature enacted CalECPA to create a " 'clear, uniform warrant rule for California law enforcement access to electronic information.' " (Assem. Floor Analyses, 3d reading analysis of Sen. Bill No. 178 (2015–2016 Reg. Sess.) as

amended Sept. 4, 2015.)  CalECPA prohibits law enforcement from requiring an electronic service provider, such as Microsoft, to produce electronic data without the consent of the owner unless the government first obtains a search warrant or court order.  (§ 1546.1, subds. (a) & (b).)

When a warrant is sought, "the government entity may submit a request supported by a sworn affidavit for an order delaying notification and prohibiting any party providing information from notifying any other party that information has been sought."  (§ 1546.2, subd. (b)(1).)  The court "shall issue" such an order if "there is reason to believe that notification may have an adverse result, but only for the period of time that the court finds there is reason to believe that the notification may have that adverse result, and not to exceed 90 days."  (*Ibid*.)  An "adverse result" means any of the following: "[d]anger to the life or physical safety of an individual;" "[f]light from prosecution;" "[d]estruction of or tampering with evidence;" "[i]ntimidation of potential witnesses;" or "[s]erious jeopardy to an investigation or undue delay of a trial."  (§ 1546, subds. (a)(1)–(5).)

Here, after reviewing Detective Stearns' sealed affidavit, the trial court found "several" of the adverse results listed in section 1546, subdivision (a) were present.  The court thus issued the NDO in compliance with section 1546.2, subdivision (b)(1)'s mandate.  Despite Microsoft's assertion to the contrary, the court did not simply rely on Detective Stearns' objection to modifying the NDO as its sole basis for declining to do so.  Rather, after the parties did not agree to a potential compromise, the court stated it will "revert back to the [sealed affidavit] that was filed originally" which "sufficiently supported" the NDO.

10

In its petition, Microsoft "assumes," without seeing the contents of the sealed affidavit, "that the City has shown that informing the *target* of the City's investigation could result in such adverse effects." It nevertheless speculates that "there is no basis for thinking that" informing anyone at USC of the fact of the warrant could cause any of the adverse effects specified in section 1546, subdivision (a). Because the sealed affidavit is not in the record, we cannot assess this assertion. Microsoft's speculation is not sufficient to meet its burden of affirmatively demonstrating trial court error. (See e.g. *In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 978 ["It is [petitioner's] burden to affirmatively demonstrate error"].)

Microsoft's reliance on *In re Sealed Case* (D.C. Cir. 2025) 144 F.4th 329 is misplaced. There, the district court issued subpoenas and accompanying NDOs, as well as authorizing orders permitting *the government*—not the court—to decide whether disclosure to third parties would risk one of the harms specified in the Stored Communications Act (SCA), CalECPA's federal analogue. (*Id.* at p. 330.) The D.C. Circuit held the district court erred by issuing the NDOs, reasoning that the court must make the requisite findings under the SCA, and that the authorizing orders "outsourced to the government the very evaluation that Congress assigned to the court." (*Id.* at p. 335.)

The facts here are easily distinguishable from *In re Sealed Case*. The trial court reviewed the detective's sealed affidavit and, based on its independent review, determined that disclosure of the warrant could have "adverse results" given the ongoing criminal investigation. Then, after the parties failed to reach a proposed compromise regarding a modification of the NDO, the trial court stated clearly, on the record, that the sealed affidavit

11

supported its original NDO which prohibited Microsoft from disclosing the search warrant to USC for 90 days. The court, therefore, did not outsource to the government its duty to determine whether disclosure of the warrant to USC might have an adverse result.

We conclude the record shows the trial court made the requisite findings under CalECPA before issuing the NDO, and Microsoft has failed to demonstrate otherwise.

## C.     The NDO Does Not Violate the First Amendment

Having determined that the NDO does not violate CalECPA, we next address Microsoft's alternative and independent argument challenging the NDO on First Amendment grounds. Because the parties agree that the NDO is subject to strict scrutiny review, we assume without deciding that this standard governs our analysis.

"Strict scrutiny requires the government to demonstrate that a speech restriction: (1) serves a compelling government interest; and (2) is narrowly tailored to further that interest." (*In re Sealed Case* (D.C. Cir. 2023) 77 F.4th 815, 830.) "A restriction is narrowly tailored if ' "less restrictive alternatives" . . . would not "accomplish the government's goals equally or almost equally effectively." ' " (*Ibid.*)

Microsoft does not dispute that the City's proffered compelling interest—protecting the integrity of an ongoing criminal investigation involving serious and violent felonies—is a compelling government interest. "[P]rotecting the secrecy of an investigation is a paramount interest of the government. The government's interest is particularly acute where, as here, the investigation is ongoing." *(In re Subpoena 2018R00776* (3d Cir.

2020) 947 F.3d 148, 256.) The only remaining issue, then, is whether the NDO is also narrowly tailored. We conclude that it is.

The trial court issued the warrant in connection with an ongoing criminal investigation of very serious crimes. The NDO served with the warrant was initially limited in duration to 90 days, and, although extended for another 90 days, it was lifted early when the target of the investigation was arrested. Microsoft "does not dispute that the City may have a compelling interest in ensuring" the target "of the investigation does not learn of the warrant and [t]o that extent, at least, the [NDO] may be constitutionally permissible." It maintains, however, that the City could have accomplished its goal of protecting the secrecy of the investigation by permitting Microsoft to inform a "trusted contact" at USC about the existence of the warrant. We are not persuaded.

We agree with the City that USC had an incentive to conduct its own investigation into any allegation of serious crimes committed by one of its students. USC's interests do not necessarily align with the government's investigative interests. For example, USC had an interest in risk management and protecting its reputation, issues the government is not concerned with.

Moreover, as the trial court recognized, USC is not subject to the NDO, and the court does not have jurisdiction over USC. Thus, although perhaps unlikely, there is nothing prohibiting USC from leaking or inadvertently disclosing the existence of the warrant to third parties, including directly or indirectly the target of the investigation (which Microsoft admits would lead to adverse results). We decline Microsoft's invitation to simply

13

"take their word for it" that the "trusted" contact at USC would keep the existence of the warrant confidential. The stakes are too high—even if the risk is low—given the ongoing criminal investigation into multiple alleged rapes committed by a suspect who is a foreign national from a nonextradition country. "The First Amendment requires that [a speech restriction] be narrowly tailored, not that it be 'perfectly tailored.' " (*Williams-Yulee v. Florida Bar* (2015) 575 U.S. 433, 454, quoting *Burson v. Freeman* (1992) 504 U.S. 191, 209.)

*In re Subpoena 2018R00776* is instructive. There, ABC Corp., an electronic services provider, received a grand jury subpoena and subsequent warrant issued under the SCA to produce data regarding its customer's employee, who was the subject of a federal criminal investigation. (*In re Subpoena 2018R00776*, *supra,* 947 F.3d at p. 153.) The warrant included an NDO preventing ABC Corp. from notifying anyone other than its attorneys about the subpoena and warrant. (*Ibid*.) After the customer filed for bankruptcy, ABC Corp. moved to modify the NDO to allow it to notify the bankruptcy trustee about the subpoena and warrant. (*Ibid*.) ABC Corp. argued that "it only wishes to disclose its receipt of service to alert an individual who can assert its subscriber's right." (*Id*. at p. 155.) The district court denied ABC Corp.'s motion to modify the NDO and the Third Circuit affirmed.

The Third Circuit concluded that ABC Corp.'s proposed disclosures "are untenable," reasoning: "They are impractical and would be ineffective in maintaining . . . the confidentiality of an ongoing investigation. We cannot and will not assess the trustworthiness of a would-be confidante chosen by [an electronic services provider]. Simply put, '[w]e decline to wade into this

14

swamp' of unworkable line drawing.  Neither courts nor the government can be expected to vet individuals selected by service providers and determine their risk of subverting an ongoing investigation.  Strict scrutiny does not demand that sort of prognostication." (*In re Subpoena 2018R00776*, *supra,* 947 F.3d at pp. 158–159, fns. omitted.)

So too here.  Microsoft's proposal that the trial court limit disclosure to a trusted person at USC is unworkable.  The government and the trial court cannot be expected to vet that person or assess the risk that he or she will keep the information confidential without a court order requiring such confidentiality.

Microsoft's attempt to limit the Third Circuit's reasoning to grand jury subpoenas is unavailing.  We recognize that there are additional reasons for maintaining grand jury secrecy other than avoiding notification to the target of the investigation (e.g., "to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors").  (*In re Subpoena 2018R00776, supra*, 947 F.3d at p. 157.)  But that does not mean, as Microsoft urges, that *In re Subpoena 2018R00776* is inapplicable or unpersuasive.  The impracticality of assessing the trustworthiness of a contact at USC remains the same whether the warrant is served in connection with a grand jury proceeding or during the early stages of an ongoing criminal investigation.

Microsoft's proposed less restrictive alternative would not be as effective in achieving the City's goal of protecting the integrity of its ongoing investigation.  Because the NDO was narrowly tailored to achieve the City's compelling interest, it withstands strict scrutiny.

15

## DISPOSITION

The order to show cause is discharged.  The petition for writ of mandate is denied.

## CERTIFIED FOR PUBLICATION

TAMZARIAN, J.

We concur:


COLLINS, Acting P.J.


EGERTON, J.*

---

\*　　Justice of the Court of Appeal, Second Appellate District, Division Three, assigned to Division Four, by the Chief Justice pursuant to article VI, section 6 of the California Constitution.